May it please the Court, my name is Raj Shah, and I am representing the appellant Mark Jones in this case today. I am a law student at the UCLA School of Law, and I would like to reserve four minutes for rebuttal, which will be conducted by my colleague. Under this Court's recent decision in Albino v. Baca, the appropriate measure, the appropriate procedural vehicle for challenging exhaustion under the PLRA is a motion for summary judgment and not an unenumerated Rule 12 motion to dismiss. And thus, a summary judgment standard is what the Court must view when viewing challenges to PLRA exhaustion by defendants, by defendant prison officials. In this case, a motion for summary judgment cannot be granted because there was a genuine dispute of material fact in the proceedings below. That is, whether Mr. Jones submitted two inmate grievances in September and October of 2007 that were ignored by prison officials. And the appellees themselves have conceded that this factual question is material because if Mr. Jones submitted these two grievances that were ignored, he was not obligated under California regulations to exhaust any further, and thus the PLRA exhaustion requirement has been satisfied. I thought, does the State, is the State going to contest that the grievances were actually filed? Your Honor, they seem to contest that in the lower court proceedings. I've got one of the grievances in the record. We're not going to contest that one, are we? Well, but they stated that there was no record of the grievances but in the prison official's system. They seem to dispute that by presenting the declarations in the lower court proceedings that stated that. That represents the factual dispute in this case. And under Albino v. Baca, the district court needed to follow certain procedures in order to resolve that factual dispute. Although, under the old procedure, the so-called unenumerated Rule 12, the district judges were basically following a summary judgment-type procedure. And I think if there were a disputed question of material fact even under the old system, the district judge would have a hearing to do that. My problem is a somewhat different one. I'm willing to assume for purposes of what we have here in front of us that the grievance was filed, the one that we've got here on the record, even though it's pretty clear that it's his handwriting and is not stamped file. But all of that is, of course, consistent with, well, he made a copy of it, and his argument, well, it was never filed, so how do you expect anything to have a file stamp? I got all that. My problem is a different one. The claim he's now got is a claim of retaliation. There's nothing in this grievance that talks about retaliation. What it talks about is detention of the wife. Has that then been exhausted when retaliation is not mentioned in the grievance? Yes, Your Honor. Two points on that. First of all, if you look at the record in the Fifth Amendment complaint at ER 85, Mr. Jones specifically alleged that he included details about the retaliation claim in his first grievance, the one that was filed in September 2007. The copy that we have is the grievance that was filed in October 2007. And thus, if you accept Mr. Jones' allegations as true, as we must on a summary judgment standard, under the first grievance was sufficient to exhaust and was sufficient to provide notice to the prison officials. In addition, we would also argue that the second one. Okay. Can you help me find this, please? Yes, Your Honor. It's at ER 85. I believe it's at the bottom of the – it's nearer to the bottom of the page. Okay. And what does it say? It says that he included a claim that he was threatened with retaliation to go back to the shoe by Officer Couch. Okay. I'm on – is it SCR 85 or ER? Oh, no. ER 85. I'm sorry. Okay. Hang on. I'm a little slow. My slowness will not detract from your time if that becomes relevant. Okay. Okay. I'm on 85. Okay. The threats made by defendant investigative unit that's named and the two unknown officers. At the bottom it says, Detaining of plaintiff's wife and the threat of retaliation. Detaining and the threat of retaliation. Okay. So – But I understood that what his – the retaliation claim that he brought in his most Not quite, Your Honor. The claim was that he was threatened with retaliation if he filed a grievance regarding the harassment and the denial of visitation of his wife on September 14, 2007. I believe that's the First Amendment retaliation claim that he brought in the Fifth Amendment complaint. That claim has been exhausted under these allegations about the first grievance that he filed in September 2007. Does he have a retaliation claim for acting on behalf of other inmates? Actually, Your Honor, I believe the retaliation claim pertained to the fact that Officer Couch threatened him – threatened his wife that he – that Mr. Jones would be sent to the shoe if he filed a grievance about the fact that he had detained her and the fact that he had searched her and strip-searched her. I believe that's what the retaliation claim pertains to. And that's why there is notice in this case. There's no other retaliation claim about – It did not appear to be, though. About helping other inmates. No. Okay. In addition, our second argument is that even the – even the copy of the second grievance would be sufficient to provide notice to prison officials, because if prison officials had carried out their duties under California regulations, that is, Provision 3084.5f, they were required to conduct an interview of Mr. Jones after he had submitted that grievance. And if they had conducted that interview pursuant to their duties, they themselves would have gained greater awareness and notice of what transpired when Mr. – when Officer Couch detained – detained Mr. Jones's wife as he claims they did. Okay. So where – so where is the First Amendment claim of retaliation exhausted? I'm sorry? Where is the evidence that he exhausted the claim of First Amendment retaliation? Oh, on ER-85, Your Honor. No, that's – that's the complaint. Right. Yes. Where did he exhaust it? It's the file of grievance. Right. He states in the Fifth Amendment complaint that he included the retaliation claim in the copy of the September 2007 grievance. That's the other one. So where does he say that? I mean, I'm reading the part in the complaint where he says there was retaliation, but where does he say that in his first informal complaint he alleged retaliation – his first informal grievance that he alleged retaliation? Well, I believe the sentence in the Fifth Amendment complaint says that after Petitioner filed several 602 – Okay. Hang on. So where are you – put my nose in. What page are you on and where am I? On ER-85, excuse me. And what line are you on?  After Petitioner filed several 602 institutional grievances pertaining to the September 14, 2007, detaining a plaintiff's wife and the threat of retaliation. So that's not quite a sentence. But you're saying we should construe that as that he filed several grievances complaining of the threat of retaliation? Yes, Your Honor. That's what it should be construed at under a summary judgment standard where we are construing the facts in the light most favorable to the plaintiff. And what's the – I should know this, but I don't. What's a 602? The 602 is the form by which prisoners submit grievances. It's the form number of the administrative grievance. And so are you saying that his first informal grievance was on a 602? Yes. Is that – that's what – that's how I'm supposed to read that? Yes. And we don't have a copy of that in the record? Not of the first one, Your Honor. We only have his allegation that he submitted it. But under a summary judgment standard, we must assume that he did. Under this Court's ruling in Albino, the district court was obligated to conduct an evidentiary hearing or it had to accept Mr. Jones's allegations as true. Under two cases that this Court cited in Albino, Murphy v. Schneider National Corporation and Lake v. Lake, those two cases both provided that the district court had to either conduct a hearing or it had to accept Mr. Jones's allegations as true. Hence, we would ask that the district court vacate – excuse me, that this Court vacate the district court's dismissal and remand so that the district court can either conduct an evidentiary hearing or so that it can assume Mr. Jones's allegations as true and put exhaustion aside for the moment and move on to the merits of this case. Thank you. Thank you, Mr. Shaw.  Good morning. May it please the Court. My name is Jill O'Brien, and I represent Defendant Officer Ryan Couch. Last week, this Court's en banc decision in Albino changed the standard for applying to exhaustion motions. But even if the district court in this case had had the benefit of the Albino decision for guidance, the result would have been the same. This Court has frequently taken what was a 12b motion at the district court level and applied a Rule Summary Judgment 56 standard on appeal and can do so here. The Federal Treatise, Federal Practice and Procedure on the Matter, says that the label of the motion is irrelevant. So the question now becomes, in a case where Jones's affidavits repeatedly state that he couldn't file a grievance and then, in opposition to an exhaustion motion, claim that he actually filed two grievances that the prison must have lost, do these affidavits create a factual question to defeat summary judgment? And the answer is no. There's established precedent in this circuit that self-serving affidavits do not create a question of material fact to defeat summary judgment. You know, most affidavits are self-serving. People submit affidavits giving factual statements that advantage them. So merely calling an affidavit self-serving is usually merely to say that it's an affidavit. You're right, Your Honor, that to submit an affidavit on one's behalf is self-serving. But it would be one thing if his affidavit was consistent with any of his prior statements. The timing of this affidavit, the first time he came up with this, what he claims is a copy of a grievance he filed, was in opposition to the exhaustion motion. Instead, to five of his complaints, he filed six, all under – all except one under penalty of perjury. He attached a totally unrelated grievance and grievance response about a disciplinary hearing that happened the same month as his wife's visit. He wants – he wanted the district court to believe that though he attached this other unrelated grievance to five of his complaints, it was reasonable for him to suddenly come up with a copy that he had the whole time in opposition to defendant's motion. This Court has held in Hansen v. United States that a husband and wife's affidavit that they never received a notice in the mail from the IRS was not sufficient to create an issue of fact to defeat summary judgment there. They stated that the party opposing summary judgment cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact. It would be one thing if inmate Jones had said, I gave my first grievance to Officer Couch in the morning on October 5th, and if that story had been consistent. But what happened here is that in his complaint, multiple versions of his complaint, he consistently said that he wasn't allowed to file a grievance on the matter, that the appeals coordinator would not let him, and would only let him file a grievance about a disciplinary issue. Then, in his appeal briefs and in opposition to the motion on exhaustion, he said that he comes up with this copy and says that, first, he says that it was Officer Couch who didn't respond to his first grievance. Elsewhere, he says, in fact, on the copy, it's Excerpt of Record 43, he says that it's the appeals coordinator and visiting room staff who would not let him file a response. So there are conflicting stories repeatedly. Even the excerpt of record that my opposing counsel cited for the fact that he grieved this matter, in the same document, he states that the first appeal he filed had to do with his wife being denied to visit him. So he doesn't, he says in multiple places, multiple things about that first grievance he filed. These are not, this is not a consistent, reliable story that would create a factual question. This Court in Albino cited the Second Circuit case, Mesa v. Gord, where the Court found that the inmate in that case, Mesa, claimed that he couldn't file a grievance because he didn't speak English and he was not able to write in his native Spanish. But the Court rejected that claim because they found the inmate had filed grievances before, including a grievance about a disciplinary proceeding that arose out of the prison yard fight underlying his lawsuit. This is a very similar situation. Jones properly filed, and it was properly processed, a grievance about a disciplinary hearing the same month as his wife's visit. He claims that another grievance he filed that month that he didn't attach to any of his complaints was not properly processed. The district court made factual findings, including that defendants had presented evidence that Jones successfully filed 14 different grievances between the month of his wife's visit and the defendant's motion, and that he pursued seven of those grievances through the third level, and that none of those 14 alleged retaliation. This Court in Albino held that the burden then shifts to Jones to come forward with evidence that his remedies were unavailable. Even if this Court decides, if this Court were to decide to remand the case for the holding in Albino, that it is up to the judge in a preliminary proceeding to make factual findings. And the judge here will simply make the same factual findings that the judge made under the unenumerated Rule 12 motion. Here, the judge had to have a hearing for this. No, Your Honor. The Seventh Circuit, excuse me, the Fifth Circuit in Dillon v. Rogers, a case this judgment on exhaustion, the judge may resolve disputed facts concerning exhaustion holding an evidentiary hearing if necessary. And the fact that this Court recognized that the Court may, on occasion, sua sponte, dismiss for failure to exhaust from the face of the complaint, shows that an evidentiary hearing can't be required in every case. Well, an evidentiary hearing would be required only if there's some reason to think that you better hear from the individuals. Now, when it's apparent from the face of the complaint, that's going to be rare, but it will happen. But here, the argument is going to be, we've got a statement here that, if we construe it the way they want us to construe it, that says, I filed an informal grievance saying that there was retaliation. And if that statement is sufficiently plausible, given the entirety of the argument we have in the record, I think maybe we need to have a hearing. But it's possible. You know, sometimes you can decide what it looked like, disputed questions of fact, on the affidavit, when, if you look at everything that's on the record, that statement is just totally implausible. So why is it totally implausible that he filed in his first grievance a grievance of something that talked about retaliation? Your Honor, the copy of the grievance he filed in opposition to the exhaustion motion claims that he filed his first informal grievance on September 20, 2007. And then this copy, if you believe it, would be submitted on October 15, 2007. This shows that he did not take good faith steps to pursue this through the grievance process. And it is evident, because the time period for the prison to even respond to that first formal grievance had not lapsed. They had ---- So you're saying it's implausible even that he submitted an informal grievance? It is implausible, and even if he had his dates, evidence that he did not wait for the system to play out, because of the time period allotted for the prison to respond to that informal grievance. The district court, you mentioned having the discretion to say, I've looked at the case, and to determine if the district court needed to hold an evidentiary hearing. And the district court did that here and declined to hold an evidentiary hearing. That decision is reviewed for an abuse of discretion. This district court had six ---- No, I don't think that's right. I mean, the question is, is there a disputed question of material fact? That's the ---- we look at that in de novo. Yes, Your Honor. For the summary judgment standard, you do. And I think the same thing was true even when we treated it as unenumerated Rule 12. I think you're right in saying that the actual practice hasn't really changed. The label has changed. Yes, Your Honor. But in being able and in quoting the language from Wyatt that the district court was able to make factual findings, the district court had discretion as to how to go about that. And here, the district court declined to hold an evidentiary hearing. The district court had six, five sworn complaints by Jones, one unsworn, in addition to repeated opposition affidavits signed by Jones because there were multiple Rand and Wyatt notices in this case. The district court also sua sponte struck Jones's original complaint because Jones and his wife had someone, one of the two of them, had signed both of their names under penalty of perjury to the complaint. The district court had multiple sworn signatures by Jones, as well as a history of what Jones had presented to the court here that made an evidentiary hearing unnecessary. The Second and Fourth Circuits allow courts to dismiss on exhaustion grounds sua sponte so long as the plaintiffs have an opportunity to respond. They don't require an evidentiary hearing. Thank you very much, Ms. O'Brien. Thank you. Rebuttal. Struck and fauble. So, Judge Fletcher, you said, you asked the question, is the statement by Mr. Jones that I filed these grievances totally implausible? And the answer is no. Mr. Jones made consistent, materially consistent statements over four years over the course of a first amended complaint, a second, a fifth, an opposition to a motion to dismiss, an amended opposition, where he all gave, he gave the whole time basically the same story, that he sent two grievances relevant to this, there was another grievance on another complaint, and he sent them, the first one informally to Officer Couch, presumably via the appeals coordinator, which he indicated he could do, and then he did a second one, a formal grievance, to the appeals coordinator. But the question is not whether he sent two grievances, informal and formal. The question is whether in the informal grievance, he talked about retaliation. That's the question. So we don't have a copy of the first informal grievance. But Mr. Jones repeatedly, in other places, indicates that he did raise the retaliation claim in his first grievance. He said that in the first amended complaint, the second amended complaint, the fifth amended complaint, and in the amended, the amended objections to the magistrate's order. So, for example, the last one, it would be at ER 17 and 20. So he said it repeatedly, that in the first informal grievance, he raised the retaliation claim. Under the old BINO standard, we have to assume that what he's saying is correct. And there's no reason, you know, so we have to assume. And there's no reason not to. He said it repeatedly. Well, you know, Ms. O'Brien makes the point that your guy has a history of filing grievance after grievance. She said, what, 14 of them or something like that? Right. And they look like they're usually processed in the ordinary course of business, which lends credence to their argument that your guy's not telling the truth because if he filed a grievance, they would have handled it like they did his 14 other grievances. Well, I think there's an alternative story, an alternative inference that's just as plausible, which is this guy knew how to file grievances properly. There's no reason to think that he would have goofed and then retroactively lied about it. He knew what to do. And the opposing counsel pointed out that it was the first time in the opposition to the motion dismissed that Mr. Jones attached a copy of his second grievance. But that was the first time exhaustion was raised. So there was no reason for him to attach that earlier. That was the logical time to do it. So I don't think it raises any suspicion at all. Okay. Thank you very much. In the case that's already submitted, I very much want to thank the UCLA Law School, Mr. Shaw, you in particular, for taking this case on a pro bono basis. Thank you.
judges: Silverman, Fletcher, Bybee